**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **Chapter 7** |
| JEFFREY C. FRAZIER | ) | **Case No. 08-10094-RGM** |
| JENNIFER A. FRAZIER | ) | |
| | ) | |
|           **Debtors** | ) | |
| | ) | |
| GE MONEY BANK | ) | |
| | ) | |
|           **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Adversary Proceeding No.** |
| | ) | _____ |
| JEFFREY C. FRAZIER | ) | |
| JENNIFER A. FRAZIER | ) | |
| | ) | |
|           **Defendants** | ) | |

**COMPLAINT FOR NONDISCHARGEABILITY**
**OF DEBTS PURSUANT TO 11 U.S.C. § 523**

GE Money Bank, a federally chartered bank (the "Bank"), by counsel, for its Complaint for Nondischargeability of Debts against Jeffrey C. Frazier ("Mr. Frazier") and Jennifer A. Frazier (Ms. Frazier") (collectively, the "Debtors"), respectfully states as follows:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and this is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(I).

2.      On January 9, 2008 (the "Petition Date"), the Debtors filed a petition pursuant to Chapter 7 of the United States Bankruptcy Code.  Gordon P. Peyton is the Chapter 7 trustee.

3.      Relevant to this proceeding, the Bank extended credit to the Debtors pursuant to three (3) credit accounts that the Debtors used to purchase furniture and/or other household luxury items.

W. Calvin Smith, Esq. (VSB #46461)
Spilman Thomas & Battle, PLLC
Post Office Box 90
Roanoke, Virginia 24002-0090
Telephone:       (540) 512-1800
Facsimile:       (540) 342-4480

4. Each time the Debtors made a purchase using one of the Accounts, one or both of them made an implied representation of both intent and ability to repay the debt being incurred.

5. Upon information and belief, the Debtors used these accounts when they were hopelessly insolvent and knew or should have known that they were unable to repay the amounts being charged.

6. The Bank relied on the Debtors' representations regarding their intent and ability to pay the charges and sustained loss and damage as a proximate result.

7. The Bank extended credit to Mr. Frazier pursuant to an Ethan Allen/GEMB credit account ("Account 0263").

8. As of January 22, 2008, Account 0263 had a balance of $12,837.19, and interest and other charges continue to accrue. A copy of an account statement dated January 22, 2008 is attached as **Exhibit A**.

9. The entire debt related to Account 0263 was incurred on or within ninety (90) days of the Petition Date, and, upon information and belief, was incurred for luxury goods.

10. The debt for Account 0263 is related to an extension of credit to Mr. Frazier by the Bank obtained by false pretenses, a false representation, or actual fraud, and the Bank is entitled to the presumption of 11 U.S.C. § 523(a)(2)(C)(i)(I) as to the entire debt.

11. The Bank also extended credit to Ms. Frazier pursuant to an Ethan Allen/GEMB credit account ("Account 0428.").

12. As of January 22, 2008, Account 0428 had a balance of $24,800.00, and interest and other charges continue to accrue. A copy of an account statement dated January 22, 2008 is attached as **Exhibit B**.

13. The entire debt, apart from interest and other charges, was incurred between August 26, 2007, and October 11, 2007. The Petition Date was ninety-one (91) days after Ms. Frazier made the last charge on this account.

14. The debt for Account 0428 is related to an extension of credit to Ms. Frazier by the Bank obtained by false pretenses, a false representation, or actual fraud.

15. The Bank also extended credit to both Debtors pursuant to a Thomasville/GEMB credit account ("Account 5854").

16. As of January 16, 2008, Account 5854 had a balance of $11,850.00 and interest and other charges continue to accrue. A copy of an account statement dated January 16, 2008 is attached as **Exhibit C**.

17. The Debtors made charges in the amount of $5,050.00 on Account 5854 on or within ninety (90) days of the Petition Date. The remainder of the principal balance was incurred on April 19, 2007. Upon information and belief, the Debtors incurred this debt for the purchase of luxury goods.

18. The debt for Account 5854 is related to an extension of credit to the Debtors by the Bank obtained by false pretenses, a false representation, or actual fraud, and, as to the charges incurred on or within ninety (90) days of the Petition Date, the Bank is entitled to the presumption of 11 U.S.C. § 523(a)(2)(C)(i)(I).

WHEREFORE, the Bank requests that the Court enter an order adjudicating the Debtors' debts to the Bank related to Accounts 0263, 0428 and 5854 nondischargeable pursuant to 11 U.S.C. § 523(a).

GE MONEY BANK


By: /s/ W. Calvin Smith
      Of Counsel

Paul M. Black, Esq. (VSB #24861)
W. Calvin Smith, Esq. (VSB #46461)
Spilman Thomas & Battle, PLLC
Post Office Box 90
Roanoke, Virginia 24002-0090
Telephone:   (540) 512-1800
Facsimile:   (540) 342-4480
csmith@spilmanlaw.com

717607 – 12973.41