# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: <br><br> JEFFERY C. FRAZIER and <br> JENNIFER A. FRAZIER, <br><br> Debtors. | Case No.  08-10094-RGM <br> (Chapter 7) |
| GE MONEY BANK, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFERY C. FRAZIER and <br> JENNIFER A. FRAZIER, <br><br> Defendants. | Adv. Proc. No. 08-1169 |

## MEMORANDUM OPINION

The issue presented is whether mailing a summons and complaint by certified mail satisfies the requirement of Rule 7004(b)(9) that the summons and complaint to be mailed by first class mail. The bank mailed the summons and complaint to the debtors at their address of record in the main bankruptcy case by certified mail, return receipt requested. The mailing was returned to the bank unclaimed. When the debtors failed to file a responsive pleading, the bank filed a motion for a default judgment. The debtors then entered a special appearance and moved to quash the purported service.

*In re Eleva, Inc.*, 2000 WL 33710904 (D.Utah Apr. 17, 2000), is one of the few cases addressing the issue presented. In *Eleva* the summons and complaint were mailed by certified mail, return receipt requested. The mailing was returned unclaimed. The district court held that the

1

mailing was insufficient. *Id.* at *4. It reasoned that Rule 7004(b) requires service "be made within the United States by first class mail postage prepaid." It found that there is a difference between first class mail and certified mail: "[C]ertified mail requires an affirmative act by a defendant to obtain an unidentified package that is being held by the post office, and the plaintiff receives actual notice regarding whether the defendant actually received the package." *Id.* First class mail does not require any affirmative action. Thus, certified mail did not comply with Rule 7004(b).

Certified mail is an additional service available for first class mail. First class mail is simply delivered to the address. The addressee need not be home. In fact, the postal service does not usually make any effort to determine whether anyone is at home. It simply leaves the mail in the mailbox. This leaves open possible later challenges to service of process. Certified mail, return receipt requested, tends to reduce later challenges by showing that the mail was actually delivered to the address of record and that the defendant had actual notice of the proceeding because the defendant must sign for the mail in order to receive it. It is understandable that plaintiffs like this additional assurance; however, the drawback is that if the defendant is not home, the summons and complaint may never be delivered to him. If he is not at home when the mail arrives, notice that the mail is available is left and two additional efforts are made to deliver it. If the attempts are unsuccessful and the mail is not picked up at the post office within a specified period, it is returned as unclaimed.

There are many reasons why individuals do not pick up certified mail. Their work hours may not allow them to go to the post office while it is open. They may have transportation difficulties. They may be out of town during the critical period.[1] They may never pick up certified mail

---

[1] *See, e.g.*, *McCullough v. Trexler (In re Trexler),* 295 B.R. 573 (Bankr.D.S.C. 2003).

believing certified mail only brings bad news that may be avoided if it is not picked. Whatever the reason, reasonable or not, the summons and complaint are never delivered to the defendant.

The critical element is allowing the normal process of first class mail to take its course. Service by first class mail has proven efficient and effective because of the reliability of first class mail actually being delivered to the defendant.[2] Certified mail interposes a hurdle than interferes with this process. First class mail is reliably delivered to the defendant's home and reliably received by the defendant when delivered to his home.[3] Unclaimed certified mail is not delivered and there is little likelihood that the defendant will know what is transpiring.[4]

In this case, the attachments to the bank's certificate of service show that the certified mail to the debtor was returned unclaimed. Therefore, service upon the debtors was not effective under Rule 7004(b)(9). The court will deny the bank's motion for default judgment and grant the debtors'

---

[2] The 1983 Advisory Committee Note to Rule 7004 states:

Subdivision (b), which is the same as former Rule 704(c), authorizes service of process by first class mail postage prepaid. This rule retains the modes of service contained in former Bankruptcy Rule 704. The former practice, in effect since 1976, has proven satisfactory.

Fed. R. Civ. P. 4 advisory committee notes (1983), *reprinted in* 9 *Collier on Bankruptcy*, App. 7004[1], at 7004-33 (15th ed. rev. 2006).

[3] *See Bak v. Vincze (In re Vincze),* 230 F.3d 297, 299 (7th Cir. 2000) ("Rule 7004(b)(9) does not require proof of actual receipt; it requires only that the summons and complaint be mailed to both the debtor and the debtor's attorney.").

[4] Two bankruptcy cases hold that service by certified mail is proper if the party actually receives the summons and complaint. *See Tullock v. Hardy (In re Hardy)*, 187 B.R. 604, 607 (Bankr.E.D.Tenn. 1995) (receipt signed and returned); *Gazes v. Kesikrodis (In re Ted A. Petras Furs, Inc.)*, 172 B.R. 170, 176-77 (Bankr.E.D.N.Y. 1994) (defendant actually received summons and complaint although receipt was not signed and returned). Certified mail is an additional service to first class mail. In both cases, the summons and complaints were mailed by first class mail. In both cases, the summons and complaints were actually delivered. The fact that an additional service, certified mail, was requested, does not change that. It makes a difference only when, as a result of the requested additional service, the summons and complaint is not delivered.

motion to quash service.[5]

    Alexandria, Virginia
    July 31, 2008

                                             /s/ Robert G. Mayer
                                             Robert G. Mayer
                                             United States Bankruptcy Judge

Copy electronically to:

W. Calvin Smith
Gregory H. Counts

14413

---

[5] The court recognizes that certified mail is preferable from the plaintiff's point of view because it reduces the possibility of a later attack on a default judgment. If counsel wants to use certified mail, he must recognize that he will need to have a second summons issued if the first one is returned unclaimed. There is nothing prohibiting the simultaneous issuance of two summons at the commencement of the case, one of which may be mailed by first class mail and the other by certified mail. Service is accomplished by the first class mailing. Evidence of receipt is accomplished by certified mail.